UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AQUACAL, INC., and
AUTOPILOT SYSTEMS, INC.,

      Petitioners,

v.                                         Case No. 8:05-mc-69-T-17TBM

HERMANN WAREHOUSE
CORPORATION,

      Respondent,
_____/

## O R D E R

THIS MATTER is before the court on the following pleadings:

(1)    Petitioners' **Petition to Compel Compliance with Non Party Subpoena Duces Tecum** (Doc. 1), Aqua Comfort's response in opposition (Doc. 4), and Hermann Warehouse's response (Doc. 5);

(2)    Aqua Comfort's **Motion to Intervene** (Doc. 3) and Petitioners' response (Doc. 6); and

(3)    Petitioners' **Motion to Strike Respondent's [Hermann Warehouse's] Response/Answer to Petition to Compel Compliance with Non-party Subpoena Duces Tecum** (Doc. 8).

A hearing was conducted on September 29, 2005.

Initially, the court initially **GRANTS** Aqua Comfort Technologies, LLC's (hereinafter "Aqua Comfort") Motion to Intervene (Doc. 3).

By the petition to compel compliance (Doc. 1), Aquacal, Inc., and Autopilot Systems, Inc. (hereinafter "Petitioners") seek an order enforcing a subpoena duces tecum dated June 30, 2005, and compelling the records custodian of Hermann Warehouse Corporation (hereinafter "Hermann Warehouse") to appear before the arbitration panel in the underlying arbitration captioned, In the Matter of the Arbitration between Aquacal, Inc. and Autopilot Sys., Inc. v. Rybacki, et al., Case No. 33 Y 116 0008704, for purposes of providing testimony and the following documents:

> All bills of lading pick lists, pick tickets, transfer tickets, packing slips, bills of lading, straight bills of lading, storage bills and other warehouse receipts provided to or signed by David J. Rybacki, Timothy Hart and Mark Coleman or any individual associated in any manner with Rybacki-Hart Enterprises or AquaComfort Technologies from 2002 through the present.

(Doc. 1, Ex. B).[1] According to Petitioners, the information likely to be revealed will help establish its allegations that Mssrs. Rybacki, Hart, and Coleman breached certain non-compete provisions in their respective employment contracts with AquaCal, Inc. Hermann Warehouse does not deny that it did not comply with the subpoena, but at present, it does challenge the petition.[2] See (Doc. 5). The petition is strongly opposed by Aqua Comfort,

---

[1] The subpoena duces tecum issued from the United States District Court for the District of Delaware and commanded the records custodian to appear for testimony and with specified records at Wilmington, Delaware, on July 12, 2005. The final hearing was re-scheduled for November 3-4, 2005, so that Petitioners may present testimony from Hermann Warehouse and others.

[2] The Petitioners' **Motion to Strike Respondent's Response/Answer to Petition to Compel Compliance with Non-party Subpoena Duces Tecum** (Doc. 8) is **DENIED**. As indicated at the hearing, David P. Lonski, Esq., counsel for Hermann Warehouse, is granted

2

which urges that the court should deny the petition on the ground that the subpoena seeks documents from Hermann Warehouse that containing confidential business information of Aqua Comfort. In the alternative, Aqua Comfort requests that the documents produced be limited to those dated during the relevant non-compete periods[3] and that they be redacted to avoid the disclosure of all customer names and pricing and sales volume information. See (Doc. 4).

As an initial matter, the court finds that it has jurisdiction over this cause. It is undisputed that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and Hermann Warehouse does not contest the matter of the court's personal jurisdiction to enforce the subpoena issued by the arbitration panel pursuant to 9 U.S.C. § 7. Further, the testimony and evidence set forth in the pleadings and proffered at the hearing are sufficient for present purposes to conclude that one or more, perhaps all, of the defendants in the arbitration proceeding or entities with whom they were associated may have violated the terms of the employment agreements each signed with AquaCal. Ultimately, this will be for the arbitration panel to determine. It is sufficient on this motion to conclude that at least some of the records subpoenaed from Hermann Warehouse are likely to reveal information relevant to the claims or defenses asserted in the arbitration. However, the court agrees with Aqua

---

permission to make a special appearance for purposes of these proceedings. Mr. Lonski advises that the documents at issue have been copied and are ready for production as ordered by the court.

[3]According to Aqua Comfort, Mr. Rybacki's non-compete period ran from November 2002 to November 2003, Mr. Hart's from February 2003 to February 2004, and Mr. Coleman's from May 2003 to May 2004. (Doc. 4 at 3, n.1).

Comfort that the scope of document production sought is overbroad. As addressed at the hearing, the documents are described to be of three general types: (1) records such as shipping lists reflecting on items purchased by Aqua Comfort from its various suppliers or vendors shipped to Hermann Warehouse; (2) written directives from Aqua Comfort to Hermann Warehouse regarding product release and follow-up records at Hermann Warehouse; and (3) records such as bills of lading or other shipping or transfer documents reflecting on the release and pick-up of Aqua Comfort products from Hermann Warehouse. The court finds no relevance to the instant dispute in the first type information. Otherwise, the court concludes the remaining records subpoenaed should be produced.[4] Because some of these documents may contain customer names, product pricing, or information related to sales that Aqua Comfort wishes to remain confidential from its competitors, the production ordered hereby shall be under a confidentiality order. Until otherwise directed by the arbitration panel, the records produced pursuant to the subpoena may be viewed only by members of the arbitration panel and their staff or assistants; counsel for the parties and their staff and assistants; and any witnesses and expert witness who properly should review them. The records shall ultimately be disposed of as directed by the arbitration panel.

---

[4] Aqua Comfort's objection to the temporal scope of the subpoena ("from 2002 through the present") is overruled. Given the damages sought by the Petitioners in the underlying dispute, a production for the period of time beyond the non-compete period is appropriate. The measure of Petitioners' damages, if any, is still to be determined by the arbitration panel, and at present, it would be inappropriate for this court to narrow the temporal scope further.

Accordingly, Petitioners' **Petition to Compel Compliance with Non Party Subpoena Duces Tecum** (Doc. 1) is **GRANTED** to the extent set forth herein.  Unless otherwise directed by the arbitration panel, the records custodian of Hermann Warehouse is hereby ordered to appear before the arbitration panel with the documents set forth above at Tampa, Florida, on November 3-4, 2005.  Petitioners' request for fees and costs is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 3rd day of October 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record