**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

AQUACAL, INC., and
AUTOPILOT SYSTEMS, INC.,

    Petitioners,

v.                                         Case No. 8:05-mc-69-T-17TBM

HERMANN WAREHOUSE
CORPORATION,

    Respondent,

and AQUA COMFORT
TECHNOLOGIES, LLC,

    Intervenor.
_____/

## O R D E R

THIS MATTER is before the court on Intervenor's **Motion for Reconsideration of Order Granting Petition to Compel and Request for Prompt Hearing** (Doc. 14) and Petitioners' response in opposition (Doc. 16). Pursuant to Fed. R. Civ. P. 60(b), Aqua Comfort Technologies, LLC (hereinafter "Intervenor") requests the court to reconsider its Amended Order dated October 5, 2005, and enter an Order denying the Petitioner's Motion to Compel Compliance with Non Party Subpoena Duces Tecum. As grounds, Intervenor alleges that the subpoena was not issued in accordance with 9 U.S.C. § 7 because it appears to have been entered by a court as opposed to the arbitration panel, the signature of the person issuing the subpoena is illegible, and it was signed by only one person. Aquacal, Inc., and Autopilot

Systems, Inc. (hereinafter "Petitioners") urge the court to deny Intervenor's motion, arguing that it does not have standing to challenge the method of service or other procedural formalities concerning the subpoena because the subpoena was directed toward Respondent, Hermann Warehouse Corporation (hereinafter "Hermann Warehouse), and Hermann Warehouse did not object to the issuance or service of the subpoena.  In support of their position, Petitioners cite Mendoza v. Regis Corp., No. SA-01-CA-0937FB (NN), 2005 WL 1796147, at * 2 (W.D. Tex. July 26, 2005) (citing Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979)[1]).  In the alternative, Petitioners argue that even if Intervenor had standing to raise its objections, the objections are waived at this point because it failed to raise such objections in its Motion to Intervene and Memorandum opposing Petitioners' Petition.

Rule 60(b) sets forth the grounds on which a court may rescind or amend a final judgment or order.  It provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . ; misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . . ; or (6) any other reason justifying relief from the operation of judgment.

Fed. R. Civ. P. 60(b).  Rule 60(b) motions are addressed to the sound discretion of the court and will be reversed only upon a showing of abuse of that discretion.  Waddell v. Hendry

---

[1] In Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003); Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). Here, Intervenor invokes the provisions of Rule 60(b)(1), (3), and (6).

Upon consideration, the court is not persuaded to reverse its prior ruling. The court's Amended Order granting Petitioner's request to compel compliance with the arbitration subpoena directed to Hermann Warehouse was predicated on the fact that Hermann Warehouse had no objection to the court's subject matter or personal jurisdiction. See (Doc. 13 at 3). Further, Hermann Warehouse raised no objection to the form of the subpoena upon express questioning by the court. See (Doc. 14, Ex. A). Although counsel for Intervenor would now urge the contrary, he did not suggest any defect in the court's subject matter or personal jurisdiction or raise the objection to form he now finds so compelling. It is not the purpose of Rule 60 that a party be given a second chance so that it may make a better argument or to permit it to urge matters which should have been raised by the prior motion or at arguments. Regardless, Intervenor had no standing to contest the court's personal jurisdiction over Hermann Warehouse. Even assuming it did, in the circumstances of this case, it has waived any objections it may have brought by not properly and timely raising them prior to the entry of the Amended Order.[2] The court's Amended Order otherwise adequately addresses the Intervenor's concerns regarding protection of its allegedly confidential business information.

---

[2] As discussed in the related case, see Case No. 8:05-mc-77-T-23TBM, the arbitration subpoenas issued in this case do raise questions concerning the court's personal jurisdiction and the scope of the court authority to enforce such subpoenas. Here, Hermann Warehouse has waived any such concerns, and, accordingly, is obliged to respond to the arbitration panel's subpoena.

In conclusion, Intervenor makes no showing of fraud, mistake, inadvertence, or excusable neglect, and does not raises any other valid reason under Rule 60 warranting reconsideration of the prior Amended Order.  Accordingly, the Intervenor's **Motion for Reconsideration of Order Granting Petition to Compel and Request for Prompt Hearing** (Doc. 14) is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 25th day of October 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record